Dear Mr. Burton:
You requested an opinion of the attorney general on the impact of local precinct changes on judicial elections, when the statutes referring to the judicial subdistricts make reference to precincts that have been changed, altered, or eliminated. You explain that the Consent Decree entered into in the case of Clark v. Edwards provided for judicial districts in eleven areas to have elections from subdistricts which had been stipulated to by the LDJA and the plaintiff. The parishes affected by the judgment which are subject to the stipulation are:
1st JDC, Caddo Parish
4th JDC, Ouachita and Morehouse Parishes
9th JDC, Rapides Parish
14th JDC, Calcasieu Parish
15th JDC, Acadia, Lafayette, and Vermilion Parishes
16th JDC, St. Mary, Iberia, and St. Martin parishes
18th JDC, Iberville, West Baton Rouge, and Pointe Coupee Parishes
19th JDC, East Baton Rouge Parish
EBR Family Court, East Baton Rouge Parish
24th JDC, Jefferson Parish
40th JDC, St. John Parish
You further explain that the legislature has enacted statutes that describe certain areas of judicial districts by specific precincts, affecting those judicial districts listed above, as well as the 20th JDC, the 21st JDC, the 23rd JDC, 26th JDC, 27th JDC, the Caddo Juvenile Court and the EBR Juvenile Court. Most of this legislation contains language similar to the following:
Section 2.
 (A) The precincts enumerated in this Section are the precincts existing as of ___, 19 ___, established by the governing authority of each parish in conformity with R.S. 18:532.
 (B) With respect to any precinct enumerated herein which has been subdivided by action of a parish governing authority or registrar of voters on a non-geographic basis, or subdivided by action of the parish governing authority on a geographic basis, the enumeration herein of the general precinct designation shall be construed to include all polling subdivisions thereof or geographic subdivisions thereof, regardless of how such subdivision may be designated.
 (C) In any case in which a precinct as established by the parish governing authority includes an area of population which has been given an alphabetical designation in addition to the numerical designation for the purpose of convenience and clarity in taking and reporting the census count by the United States Bureau of the Census, the assignment of such precincts includes any alphabetically designated portion unless otherwise specifically enumerated in this Section.
Additionally, pursuant to R.S. 18:532 and 532.1, and in response to the 2000 census, local governing authorities were required to amend their precinct boundaries, and in doing so, some precinct numbers were changed or eliminated. Thus, in many areas of the state a discrepancy exists between the current precinct numbers and those described in legislation affecting judicial districts. You state that candidates for judicial office, along with state and local election officials, need to know which voters may legally vote in judicial elections, and therefore, pose the following questions for our opinion:
 1. Is it true that local authorities cannot alter the geographic areas covered by judicial election subdistricts when those subdistricts are described by precinct in state statutes, even though those precincts may have been altered or changed by local authorities and those local alterations or changes have been precleared under Section 5 of the Voting Rights Act?
 2. In holding elections in those areas of the state where judicial districts are described specifically in legislation by reference to precincts, is it not true that all elections to be held for those judicial positions must be under the geographic boundaries established in the state legislation without regard to later-made local precinct changes, whether made pursuant to the 2000 census or otherwise?
 3. If the answer to each of these two earlier questions is YES, then is the proper procedure for conducting such elections to "lock-out" machines in precincts that have since changed locally but which changes are not reflected in state legislation?
 For example, assume (a) the state legislation described a judicial district as consisting of five subdistricts, with each subdistrict assigned to, respectively, precincts 1, 2, 3, 4 and 5, and (b) in local redistricting precinct 5 was eliminated as a number and precinct 4 was divided into precincts 4A, 4B, and 4C, the boundaries of which encompassed all of old precincts 4 and 5. In such an event, would it be proper that the voting machines in new precincts 4A, 4B, and 4C be set up in such a way that voters who resided in what had formerly been old precinct 4 could not vote for a judicial candidate seeking election for a post that had been assigned to old precinct 5, and that likewise, voters who resided in what had formerly been old precinct 5 could not vote for a judicial candidate seeking election for a post that had been assigned to old precinct 4.
It is our opinion that the answer is "yes" to all of your questions. First, it is true that local authorities have no legal authorization to alter the geographic areas covered by judicial election subdistricts. Second, it is also true that all elections to be held for those judicial positions must be under the geographic boundaries established by law without regard to later changes in local precincts. R.S. 18:532
authorizes the parish governing authorities to establish precincts and define their territorial limits, but once the legislature has statutorily defined a judicial subdistrict by the specific precinct designations as established by the parish governing authorities, it is our opinion that only the legislature may amend the law to provide for a change in those precinct designations. "The legislative power of the state is vested in a legislature, consisting of a Senate and House of Representatives." LSA-Const. Art. III, Sec. 1 (1974). "The sources of law are legislation and custom." LSA-C.C. art. 1. "Legislation is the solemn expression of legislative will." LSA-C.C. art. 2.
In response to your last question, it is our opinion that the only procedure for conducting these judicial elections where the precinct designations no longer exist or have been altered in some way, is as you have suggested, and that is for the election officials to retain the old geographic boundary descriptions and conduct the elections on those old boundaries as designated in state law, with the use of lockouts on the voting machines for those persons who are allowed to vote at the polling place, but who do not live within the judicial subdistrict.
Obviously this is a matter that deserves legislative attention and we will forward a copy of this opinion to the presiding officers of the Louisiana Legislature for their information and review. Trusting that this opinion confirms your understanding of this matter, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Cc: President of the Senate Speaker of the House Secretary of State Commissioner of Elections Registrar of Voters, Caddo Parish
Date Released: June 27, 2002